## THE CHAS. R. STONE and Two Oil-Scows.[1]

## THE KATIE J. HOYT.[2]

*(District Court, E. D. New York.   June 29, 1883.)*

COLLISION—SCHOONER—TUG AND TOW—CHANGE OF COURSE.

> In a collision which took place in the East river between a schooner going down and a tug with two scows on its starboard side going up with the tide, *held,* that upon the evidence the collision must be held to have been caused by the fault of the tug in attempting to pass on the in-shore or New York side of the schooner, when it was her duty, under the circumstances, to have passed on the out-shore side.

1Reported by R. D & Wyllys Benedict, of the New York bar.

In Admiralty.

These were cross-actions arising out of a collision between the schooner Katie J. Hoyt and a tow composed of the tug Charles R. Stone and two oil-scows, which occurred in the East river, off Corlear's Hook, in the afternoon of April 14, 1881. The schooner was coming down the river, and the tow was proceeding up the river with the tide. The scows were both on the starboard side of the tug. The allegations on the part of the schooner were that the wind was about north; the schooner was heading about W. by S., making only about two miles an hour against the tide, and hugging the New York shore; that no change of course was made by the schooner; and that the collision was due to a change of course on the part of the tug in attempting to pass on the starboard side of the schooner, between her and the New York shore. The tug alleged a porting on the schooner's part, which brought about the collision. In the suit brought by the schooner the scows were joined as parties defendant.

*Knox & Woodward*, for the tug and scows.

*Chittenden, Townsend & Chittenden*, for the schooner.

BENEDICT, J. The collision between the schooner Katie J. Hoyt and the tug C. R. Stone, which has given rise to these two suits, must in my opinion, upon the evidence, be held to have been caused by the fault of the tug in attempting to pass on the in-shore or New York side of the schooner, whereas it was her duty, under the circumstances, to have passed the schooner on the out-shore or Brooklyn side. The allegation of a change of course on the part of the schooner is not made out. The schooner was coming down on the New York side of the middle of the river, and she made no alteration in her direction except to conform her course to the direction of the river when she reached Corlear's Hook. This she had the right to do, and the tug had no right to suppose that she would do otherwise. The tug had no right to ask the schooner to change her position in the river to enable the tug to pass on the inside of her.

No fault is attributable to the scows in tow of the tug, and the libel as to them must be dismissed.

The libel as against the tug must be sustained, and a decree rendered in favor of the libelants, Simon Banks and others, against the tug, with an order of reference to ascertain the amount. Any additional costs incurred by joining the scows must be paid by the libelants; but as the scows and the tug are owned by the same persons, and are now represented by a single stipulation, the libelants can be compelled to pay no more costs than the additional costs occasioned by the joining of the scows as party defendant.

The libel of Charles Pratt & Co. against the schooner must be dismissed, with costs.